# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK ORCHARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOISE CASCADE COMPANY., a Delaware corporation;<br><br>Defendant. | Case No. 2:25-cv-00337-TOR<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Mark Orchard, counsel, pursuant to FRCP 15(a)(2), and for their Second Amended complaint against Defendant Boise Cascade Company, alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiffs and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Venue. Venue is proper in the Eastern District of Washington because this case was properly filed in Stevens County and Defendant removed it therefrom under 28. U.S.C. § 1441(a).

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff Mark Orchard. Plaintiff is a resident of Washington. Defendant hired Plaintiff Orchard as an hourly-paid or non-exempt Outfeed Forklift Driver at its Kettle Falls location during the relevant time period from approximately February 23, 2018 to approximately March 23, 2022, then again from approximately November 2022 to February 19, 2025. The "amount in controversy" for Plaintiff Orchard, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000). Plaintiff has been working in the sawmill industry since approximately 2005 and has been a certified forklift operator since approximately 2007.

3.2 Defendant. Defendant is a Delaware corporation with its principal place of business in Boise, Idaho. Defendant operates several different facilities across Washington state that employee hourly, non-exempt employees.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Civil Rule 23, Plaintiffs brings this case as a class action on behalf of a Class defined as follows:

*All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from May 19, 2022 to final disposition of this action.*

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. More than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiffs and the Class members. These questions include, but are not limited to, the following:



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

a. Whether Defendant has engaged in a common course of failing to provide Plaintiffs and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiffs and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiffs and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiffs and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiffs and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiffs and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiffs and the Class members by requiring Plaintiffs and the Class members to incur employer expenses and failing to reimburse them.

j. Whether Defendant has engaged in a common course of failing to pay Plaintiffs and the Class members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiffs and the Class members;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

l. Whether Defendant failed to furnish itemized pay statements to Plaintiffs and the Class members;

m. Whether Defendant willfully deprived Plaintiffs and the Class members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-126-025;

u. Whether Defendant has violated WAC 296-126-028;

v. Whether Defendant has violated WAC 296-128-620;

w. Whether Defendant has violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiffs' claims are typical of the claims of the members of the Class because Defendant employed Plaintiffs as hourly-paid or non-exempt employees in the State of Washington. The claims of Plaintiffs, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiffs and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Rest Breaks. Defendant regularly failed to ensure rest breaks for Class Members.

5.2 Plaintiff Orchard was never allowed to take a full rest break during his employment with Defendant. During all of his shifts, which typically lasted longer than eight hours, Plaintiff does not remember being able to take even one rest break of ten uninterrupted minutes. Plaintiff often could not even leave his position to take a moment to use the restroom during his shifts.

5.3 Plaintiff personally witnessed other employees who also were too overworked to take compliant rest breaks. Plaintiff witnessed this failure to ensure rest breaks throughout his employment with Defendant.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.4 Plaintiff informed his supervisors that he could was not able to take his rest breaks. Specifically, Plaintiff repeatedly reported this to the Day Shift Supervisor, (Chad Depolo), the Boiler Supervisor (Cliff Tucker), and the Mill Superintendent (Bryce Olson). These were repeated verbal complaints made periodically during his employment. Defendant took no action to remedy the situation. The response from management was to just "figure it out" with no follow up or remedial action. Indeed, one of the reasons Plaintiff decided to stop working for Defendant was because he was denied access to rest breaks.

5.5 <u>Meal Periods.</u> Defendant regularly failed to ensure Class Members took their uninterrupted meal periods prior to their fifth hour of work, to provide an uninterrupted second meal period on shifts of ten hours or longer, or failed to provide an uninterrupted period entirely.

5.6 Plaintiff was never permitted to take a full meal period during his employment with Defendant. During all of his shifts, which typically lasted longer than eight hours, Plaintiff does not remember being able to take even one uninterrupted meal period. Due to the intense pace of his required workload, Defendant did not allow Plaintiff any time to take an uninterrupted lunch period throughout the entirety of his employment with Defendant. Plaintiff had to eat his lunch while he was working in order to maintain his energy on the job.

5.7 Plaintiff personally witnessed other employees who also were too overworked to take compliant meal periods. Plaintiff witnessed this failure to ensure meal periods throughout his employment with Defendant.

5.8 When Plaintiff made his complaints about rest breaks, Plaintiff also informed the same supervisors that he was unable to take lunch periods. Plaintiff repeatedly reported the lack of meal periods to the Day Shift Supervisor, (Chad Depolo), the Boiler Supervisor (Cliff Tucker), and the Mill Superintendent (Bryce Olson). These were repeated verbal complaints made periodically during his employment. Defendant took no action to remedy the situation. Indeed, one of the reasons Plaintiff decided to stop working for Defendant was because he was denied access to compliant meal periods.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.9 Defendant did not pay premiums on days when Plaintiff or other Class Members were made to work through their lunch periods.

5.10 The failure to ensure meal periods is also evident in the incomplete timesheet records in Plaintiff's possession. Throughout the records there is no evidence of Plaintiff clocking out to take a meal period. Further, while there is notation of a meal period for all of Plaintiff's days, they are labeled "unpaid" and there is no indication that Plaintiff actually clocked out to take them – they are simply uniformly recorded as 0.5 hours. A very limited, non-exhaustive sampling is included here:

5.10.1 December 19, 2022. Plaintiff worked 10.9 hours without interruption for a meal period. Despite working more than 10 hours straight, there is no indication in the time records Plaintiff clocked out to take a meal period. Plaintiff believes he was not provided a meal period on this date as he cannot recall ever having an uninterrupted meal period. The time sheet does include an entry for "MEAL" on this day. However, it is listed as unpaid and for .5 hours. On information and belief this is an automatic addition to the timesheet that does not reflect Plaintiff, in reality, clocking out for .5 hours to take a meal period. Moreover, despite Plaintiff's shift lasting more than 10 hours, there is only one meal period entry and it is only for .5 hours.

5.10.2 February 27, 2023. Plaintiff worked 11.7 hours without interruption for a meal period. Despite working more than 11 hours straight, there is no indication in the time records Plaintiff clocked out to take a meal period. Plaintiff believes he was not provided a meal period on this date as he cannot recall ever having an uninterrupted meal period. The time sheet does include an entry for "MEAL" on this day. However, it is listed as unpaid and for .5 hours. On information and belief this is an automatic addition to the timesheet that does not reflect Plaintiff, in reality, clocking out for .5 hours to take a meal period. Moreover, despite Plaintiff's shift lasting more than 10 hours, there is only one meal period entry and it is only for .5 hours.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.10.3 August 8, 2023. Plaintiff worked 16.5 hours without interruption for a meal period. Despite working more than 16 hours straight, there is no indication in the time records Plaintiff clocked out to take a meal period. Plaintiff believes he was not provided a meal period on this date as he cannot recall ever having an uninterrupted meal period. The time sheet does include an entry for "MEAL" on this day. However, it is listed as unpaid and for .5 hours. On information and belief this is an automatic addition to the timesheet that does not reflect Plaintiff, in reality, clocking out for .5 hours to take a meal period. Moreover, despite Plaintiff's shift lasting more than 10 hours, there is only one meal period entry and it is only for .5 hours.

5.10.4 February 15, 2024. Plaintiff worked 11.2 hours without interruption for a meal period. Despite working more than 11 hours straight, there is no indication in the time records Plaintiff clocked out to take a meal period. Plaintiff believes he was not provided a meal period on this date as he cannot recall ever having an uninterrupted meal period. The time sheet does include an entry for "MEAL" on this day. However, it is listed as unpaid and for .5 hours. On information and belief this is an automatic addition to the timesheet that does not reflect Plaintiff, in reality, clocking out for .5 hours to take a meal period. Moreover, despite Plaintiff's shift lasting more than 10 hours, there is only one meal period entry and it is only for .5 hours.

5.10.5 October 7, 2024. Plaintiff worked 14.4 hours without interruption for a meal period. Despite working more than 14 hours straight, there is no indication in the time records Plaintiff clocked out to take a meal period. Plaintiff believes he was not provided a meal period on this date as he cannot recall ever having an uninterrupted meal period. The time sheet does include an entry for "MEAL" on this day. However, it is listed as unpaid and for .5 hours. On information and belief this is an automatic addition to the timesheet that does not reflect Plaintiff, in reality, clocking out for .5 hours to take a meal period. Moreover, despite Plaintiff's shift lasting more than 10 hours, there is only one meal period entry and it is only for .5 hours.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.10.6 February 12, 2025. Plaintiff worked 11.5 hours without interruption for a meal period. Despite working more than 11 hours straight, there is no indication in the time records Plaintiff clocked out to take a meal period. Plaintiff believes he was not provided a meal period on this date as he cannot recall ever having an uninterrupted meal period. The time sheet does include an entry for "MEAL" on this day. However, it is listed as unpaid and for .5 hours. On information and belief this is an automatic addition to the timesheet that does not reflect Plaintiff, in reality, clocking out for .5 hours to take a meal period. Moreover, despite Plaintiff's shift lasting more than 10 hours, there is only one meal period entry and it is only for .5 hours.

5.11 These examples are provided to demonstrate that this violation was occurring throughout the time Plaintiff worked for Defendant and are not a list of all violations.

5.12 Off-the-Clock Work. Defendant regularly failed to ensure Class Members were paid for time before and after their shift when they were on-duty, but had not yet clocked-in.

5.13 Throughout his employment with Defendant, when Plaintiff arrived at the work site before his shift began, he would regularly be required to assist other employees with tasks prior to clocking in for his shift. This occurred one to three times while he was employed with Defendant. The tasks he would complete prior to work on these occasions would take anywhere from five to thirty minutes to complete.

5.14 Plaintiff was required to clock in ready to work with all of the necessary gear and equipment already donned. Plaintiff was never paid for time spent donning his work gear before clocking in and he was never paid for doffing his work gear after clocking in. There was no locker room onsite. Based on his personal observation, all other employees were required to don and doff while off the clock.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.15 Overtime Regular Rate and Sick Leave Normal Rate. Defendant did not pay Plaintiff Orchard overtime premiums using his regular rate of pay and did not factor non-discretionary bonuses into Plaintiff's normal hourly rate of pay for purposes of calculating sick leave. Defendant regularly paid non-discretionary profit-sharing bonuses. For example, on September 23, 2022, Defendant paid Plaintiff $5,000 in a profit-sharing bonus; on February 16, 2024, Defendant paid Plaintiff $5,000 in a profit-sharing bonus; and on February 14, 2025, Defendant paid Plaintiff $2,790.27 in a profit-sharing bonus. During each of these pay periods, Plaintiff worked overtime, but he did not receive payment at 1.5* his regular hourly rate; he instead only received overtime at 1.5* his base rate of pay even though he had received a non-discretionary bonus. Further when utilizing sick leave during these pay periods, he received only his base pay instead of his normal hourly compensation which would be calculated to also be inclusive of these bonus payments.

5.16 Unlawful Deductions and Rebates. Defendant did not properly reimburse class members for necessary work expenses.

5.17 Defendant gave employees approximately $130/year to spend on steel-toed boots that were required protective equipment to work onsite. However, these boots typically cost closer to $200 and did not last a full year. As a result, Plaintiff had to spend several hundred dollars in un-refunded expenses in order to have worksite compliant footwear.

5.18 Other Derivative Theories. In addition to independent theories of each of these claims, facts that support one theory may also necessarily cause liability under another, if true. For example, Defendant's violation of Mr. Orchard's right to meal breaks would also necessarily constitute work off-the-clock, and work-off-clock may also cause violations of Mr. Orchard's meal break rights (e.g., if Mr. Orchard started working off-the-clock prior to clocking in, then only took his first meal period 5 hours after clocking in, then it would necessarily mean he took a late break).



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.19 Willfulness. Plaintiff repeatedly reported to management that he was not receiving any rest breaks or meal periods. Defendant took no action to remedy this ongoing violation. As stated above, Plaintiff verbally complained of a lack of breaks on multiple occasions throughout his employment with Defendant to multiple managers (Day Shift Supervisor, (Chad Depolo), the Boiler Supervisor (Cliff Tucker), and the Mill Superintendent (Bryce Olson)). Defendant maintained its time and pay records in electronic format and had knowledge of and access to information regarding recorded hours of work and time records when it paid wages. Defendant's consistent failure to adequately train and inform its managers and payroll employees as to appropriate prevention and remediation procedures related to break times, missed breaks, premium payments, off-the-clock work, regular rate overtime calculations, and sick leave normal rate calculations constitutes willfulness. As described above, Defendant's managers and supervisors frequently directly required employees to work off-the-clock, during protected break times, and failed to timely remediate these wage and hour violations

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiffs and the Class members with a paid ten-minute rest break for every four hours of work.

6.3 Defendant has engaged in a common course of requiring or permitting Plaintiffs and the Class members to work more than three consecutive hours without a rest break.

6.4 Defendant has engaged in a common course of failing to ensure Plaintiffs and the Class members have taken the rest breaks to which they are entitled.

6.5 Defendant has engaged in a common course of failing to provide Plaintiffs and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

6.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiffs and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiffs and the Class members.

6.8 Defendant had actual or constructive knowledge of the facts set forth above.

6.9 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiffs and the Class members with a thirty-minute meal break for every five hours of work.

6.10 Defendant has engaged in a common course of requiring or permitting Plaintiffs and the Class members to work more than five consecutive hours without a meal break.

6.11 Defendant has engaged in a common course of failing to ensure Plaintiffs and the Class members have received the meal breaks to which they are entitled.

6.12 Defendant has engaged in a common course of failing to ensure Plaintiffs and the Class members are fully relieved of all work duties during their meal breaks.

6.13 Defendant has engaged in a common course of failing to provide Plaintiffs and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.14 Defendant had actual or constructive knowledge of the facts set forth above.

6.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked.

6.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked by failing to provide Plaintiffs and the Class members with ten minutes additional pay and/or time worked for each missed rest break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiffs and the Class members for all hours worked by failing to provide Plaintiffs and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.18 Defendant has engaged in a common course of requiring its employees to perform pre-shift and/or post-shift work off-the-clock without compensation.

6.19 Defendant had actual or constructive knowledge of the facts set forth above.

6.20 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiffs and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiffs and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.22 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiffs and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.23 Defendant had actual or constructive knowledge of the facts set forth above.

6.24 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiffs and the Class members.

6.25 Defendant has engaged in a common course of requiring Plaintiffs and the Class members to incur employer expenses and failing to reimburse them.

6.26 Defendant had actual or constructive knowledge of the facts set forth above.

6.27 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.28 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiffs and the Class members.

6.29 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members by failing to accrue paid sick leave for each missed rest break.

6.30 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiffs and the Class members by failing to accrue paid sick leave for each missed meal break.

6.31 Defendant had actual or constructive knowledge of the facts set forth above.

6.32 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiffs and the Class members all wages due at termination.

6.33 Defendant had actual or constructive knowledge of the facts set forth above.

6.34 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6.35 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiffs and the Class members worked each day or the total hours they worked each week.

6.36 Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

8.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

### (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

10.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XI. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiffs and the Class members at their regular and normal wages.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

11.5 As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

12.3 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

12.4 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

12.5 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

12.6 As a result of the unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

13.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

13.4 As a result of the unlawful acts of Defendants, Plaintiffs and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIV. EIGHTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

14.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

14.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

14.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

14.5 As a result of the willful, unlawful acts of Defendant, Plaintiffs and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiffs and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiffs and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2025.

**JUSTICE LAW CORPORATION**
By: */s/ Douglas Han*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
*/s/ Shunt Tatavos-Gharajeh*
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
*/s/ Dean Petitta*
Dean Petitta, WSBA #58295
Email: dpetitta@justicelawcorp.com
*/s/ Winthrop Hubbard*
Dean Petitta, WSBA #56458
Email: whubbard@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On October 2, 2025, I caused to be transmitted the following document via the method(s) described below:

**SECOND AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Breanne Sheetz Martell
bsmartell@littler.com
Brian Rho
brho@littler.com
**Legal Staff:**
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101-3122

*Attorney(s)* for Defendant Boise Cascade Company

**[X] By ECF**
**[X] By Electronic Mail**

Executed on October 2, 2025, at Pasadena, California.

*/s/ Flor Gonzalez*
Flor Gonzalez



JUSTICE LAW CORPORATION,
751 N. Fair Oaks Ave., Ste. 101,
Pasadena, California, 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com